☑ Original ☐ Duplicate

CLERK'S OFFICE
A TRUE COPY
Sep 10, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
information associated with bradley.s.rose@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California

Case No. 25 MJ 146

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ______ District of ______
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 09/24/2025 *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable William E. Duffin.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of ______.

Date and time issued: 09/10/2025 at 9:55 a.m.

William E. Duffin
*Judge's signature*

City and state: Milwaukee, WI

Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with bradley.s.rose@gmail.com ("the Account") that is stored at premises owned, maintained, controlled, or operated by Google LLC a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Google LLC ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) 7/25/25 with the Google Reference Number 102857504, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information December 1, 2024, through the present, unless otherwise indicated:

a. All business records and subscriber information, in any form kept, pertaining to the Account, including:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);
3. Telephone numbers, including SMS recovery and alternate sign-in numbers;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;
5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers
6. Length of service (including start date and creation IP) and types of service utilized;
7. Means and source of payment (including any credit card or bank account number); and
8. Change history.

b. All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c. Records of user activity for each connection made to or from the Account(s), including, for all Google services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Google service, and all activity logs

d. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email; the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails. All forwarding or fetching accounts relating to the accounts;

e. The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses;

f. All maps data associated with the account, including Google Maps and Google Trips, including: all saved, starred, and privately labeled locations; search history; routes begun; routes completed; mode of transit used for directions; My Maps data; accounts and identifiers receiving or sending Location Sharing information to the account; changes and edits to public places; and all associated logs, including IP addresses, location data, and timestamps, and change history;

g. All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history;

h. All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other

automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history;

Google is hereby ordered to disclose the above information to the government within **14 DAYS** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence, and/or instrumentalities of violations of 18 U.S.C § 875(c), Transmission of Interstate Threats, those violations involving Bradley Scott Rose, and occurring after December 1, 2024, including, for each Account or identifier listed on Attachment A, information pertaining to the following matters:

a. The communication of threatening messages in any form to include images, emojis, and/or text;

b. Identities, addresses, photographs, PII, of any former co-worker, colleague, professional associate, or their family members, that may have been collected for the purpose of transmitting threatening communications;

c. Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d. Evidence indicating the Account owner's state of mind as it relates to the crime under investigation;

e. The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

CLERK'S OFFICE
A TRUE COPY
Sep 10, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

information associated with bradley.s.rose@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California

Case No. 25 MJ 146

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ______________ District of ____________________, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C § 875(c) | Transmission of Interstate Threats |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* __________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_______________________________
*Applicant's signature*

Mark Dring, Special Agent - FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 09/10/2025

_______________________________
*Judge's signature*

City and state: Milwaukee, WI

Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNT **BRADLEY.S.ROSE@GMAIL.COM** THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC.

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Mark L. Dring, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with bradley.s.rose@gmail.com that is stored at premises owned, maintained, controlled, or operated by Google LLC ("Google"), an electronic communications service and/or remote computing service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since March of 2007. Since July of 2025, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including online threats and other violent crime matters, defined under Title 18 of the United States Code. I have participated in the investigation of

numerous crimes to include warrants to multiple electronic service providers and utilized email search warrants to pursue investigation both domestically and abroad.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C § 875(c), Transmission of Interstate Threats, have been committed, are being committed, and will be committed by the operator of bradley.s.rose@gmail.com, Bradley S. Rose. There is also probable cause to search the information described in Attachment A for evidence and instrumentalities of these crimes as further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

6. Bradly Scott ROSE is a U.S. citizen, born June 01, 1984. During the period of 2017 through May 2022, ROSE worked for Microsoft Corporation headquartered in Remond, Washington. Rose worked for Microsoft while living in Bayside, Wisconsin, a suburb of Milwaukee, Wisconsin. ROSE's direct supervisor for Microsoft was P.M., who also resides in a suburb of Milwaukee, Oconomowoc, Wisconsin.

7. Prior to ROSE leaving Microsoft, he claimed discrimination by P.M. Microsoft investigated the claims internally and found no discrimination, and found instead ROSE to be at fault. ROSE voluntarily left Microsoft before the investigation concluded, citing personal reasons. After leaving Microsoft, and blaming P.M., ROSE began calling P.M. in the middle of the night utilizing the telephone number (414) 899-7970. On 01/28/2025, ROSE attempted to contact her via his brother's mobile telephone (262) 402-2614.[1] ROSE made several calls, blocked the call number information, and sent the following text message from (262) 402-2614:




[1] An open records search on Google indicates that this telephone number belongs to B.C. Rose. According to Bayside, WI Police reports, B.C. Rose is Bradley S. ROSE's brother. According to the same police reports, B.C. Rose has down's syndrome, and as of 07/06/2025, had also been diagnosed with schizophrenia. It is therefore possible, if not likely, that Bradley S. Rose is using B.C. Rose's telephone to make contact with P.M. and others.




8. T.I., a resident of Menomonee Falls, Wisconsin, was hired to replace ROSE and take over ROSE's territory. T.I. and her husband J.I. are both employees of Microsoft. During the period of January 2023 through June 2024, ROSE worked for a Microsoft partner named, "Root16." ROSE contacted T.I. to cooperatively increase sales. According to T.I., she conducted a Microsoft Teams meeting with ROSE, who acted like a longtime friend and spoke about her husband like ROSE knew J.I., although J.I. never had prior contact with ROSE. T.I. stated she felt uncomfortable after speaking with him and did not respond to further emails and texts.

9. ROSE requested J.I.'s contact information from a mutual associate, J.G. On May 16, 2025, J.G. introduced J.I. to ROSE by text message (below). ROSE then called J.I. multiple times that day without success.




Later that same day, ROSE sent the following text message to J.I., from (414) 899-7970:




10. The text messages during the introduction to J.I. indicated ROSE already knew J.I and T.I. resided in Menomonee Falls, WI. ROSE had no prior contact with T.I. or J.I. where personal address information would have been shared. ROSE likely performed an internet search

to determine the personal residence of J.I., and since he described the route to their house, he likely searched the address using Google Maps.[2]

11. T.I. and J.I. contacted the Menomonee Falls Police Department, who advised J.I. and T.I. to block ROSE's calls and text messages, and to have no further contact with him. Thereafter, T.I. and J.I. began receiving text communications from (262) 402-2614 (B.C. Rose's number).

12. During the period June 2024 – December 2024, ROSE worked for Illumina Technologies, another Microsoft partner company. A.A. acted as ROSE's supervisor. A.A. stated that during ROSE's time with Illumina, ROSE made many mistakes, causing problems with Microsoft. In October 2024, Illumina initiated a performance improvement plan with ROSE. In response, ROSE began sending derogatory messages to A.A.'s team. ROSE was terminated in December 2024. After ROSE's termination, he utilized Bradley.s.rose@gmail.com to communicate with Illumina.

13. After his termination from Illumina, ROSE began sending harassing text messages from (414) 899-7970 to A.A. and P.M. During December 2024 and in January 2025, while A.A. attended a trade show in New York City, A.A. received the following messages from ROSE via text message from (414) 899-7970:

---

[2] Google Maps is the world's most commonly-used mapping service, with over 1 billion people using Google Maps worldwide. *See* https://www.loopexdigital.com/blog/google-maps-statistics#:~:text=Google%20Maps%20General%20Statistics,and%20popularity%20among%20American%20users; And as of 2023, Google Maps was the most downloaded map and navigation map in the United States. *See* https://www.loopexdigital.com/blog/google-maps-statistics#:~:text=Google%20Maps%20General%20Statistics,and%20popularity%20among%20American%20users.


12:48
Brad
Tue, Dec 17 at 10:25 AM
Maybe I'll finally get to see you in court. You better lawyer up.
Have a great Christmas!
Tue, Dec 31 at 6:23 AM
I'll see you in NY you little punk bitch!
Fri, Jan 3 at 8:46 AM
See you next weekend you fucking coward!!
Hope you're purchasing your own pass
Edited
Mon, Jan 6 at 11:24 AM
iMessage


12:48
Brad
Mon, Jan 6 at 11:24 AM
The ugly runt of the family
Fri, Jan 10 at 12:39 PM
Safe travels this weekend you baby back bitch....
Mon, Jan 13 at 5:22 AM
Rise and shine!! Big day for you.
You fucking pussy
Keep that big head on a swivel
Sat, Jan 18 at 7:02 AM
iMessage




A.A. stated if he lived close to ROSE, he would be more fearful. Following the receipt of the photographs with weapons, A.A. contacted local law enforcement and filed a report. The responding officer spoke with ROSE. ROSE denied knowing A.A. and ever working for Illumina Technologies. ROSE became belligerent as the call progressed. A.A. is not sure where or how ROSE obtained the photo of him and his family that ROSE sent to A.A. (above).

14. The photographs shown by ROSE containing weapons may have been stored on ROSE's google account photo storage. Further, ROSE likely searched the internet for A.A.'s Facebook page in order to locate the group photo included above.

15. On the morning of 06/06/2025, ROSE made several calls to T.I. from (414) 899-7970. When the calls weren't answered, he sent the following text message:






16. On June 10, 2025, P.M. noticed a suspicious vehicle outside her Oconomowoc, Wisconsin, residence for almost 20 minutes. The vehicle, a black sedan, was consistent with ROSE's registered black 2019 Acura TLX sedan. When P.M. attempted to confront the driver, the vehicle reversed quickly, almost crashing into another vehicle, and then departed. P.M. lives approximately 45 miles from ROSE, with a Google Map estimated 49-minute driving time during midafternoon. Since P.M. lived in Chicago when ROSE worked at Microsoft, and P.M. never provided ROSE with a personal address, ROSE may have searched the internet to find P.M.'s address. Further, ROSE may have used the Google mapping service to drive from his location to P.M.'s residence.

17. During early July 2025, Microsoft Executive Security, H.S. contacted the FBI and indicated a senior Microsoft Executive had received a threatening communication from the email bradley.s.rose@gmail.com. While the specific content of the email was not provided, H.S. felt the content was serious enough to contact the FBI.

18. On July 16, 2025, P.M. received five calls in a two-minute period from ROSE, from telephone number (414) 899-7970. Also on July 16, 2025, J.M., an executive with Root 16, received an email from ROSE, using the email account bradley.s.rose@gmail.com, with the threat: "You have a lot to answer for BITCH!!! See you in Washington." J.M. was scheduled to be a keynote speaker at a Microsoft executive partner event in Bellevue, Washington on July 23- 24, 2025.

19. On 07/25/2025, a preservation letter for the account bradley.s.rose@gmail.com was provided to Google through the LERS portal. Google's reference number was 102857504.

## BACKGROUND CONCERNING GOOGLE[3]

20. Google is a United States company that offers to the public through its Google Accounts a variety of online services, including email, cloud storage, digital payments, and productivity applications, which can be accessed through a web browser or mobile applications. Google also offers to anyone, whether or not they have a Google Account, a free web browser called Google Chrome, a free search engine called Google Search, a free video streaming site called YouTube, a free mapping service called Google Maps, and a free traffic tracking service

[3] The information in this section is based on information published by Google on its public websites, including, but not limited to, the following webpages: the "Google legal policy and products" page available to registered law enforcement at lers.google.com; product pages on support.google.com; or product pages on about.google.com.

called Waze. Many of these free services offer additional functionality if the user signs into their Google Account.

21. In addition, Google offers an operating system ("OS") for mobile devices, including cellular phones, known as Android. Google also sells devices, including laptops, mobile phones, tablets, smart speakers, security cameras, and wireless routers. Users of Android and Google devices are prompted to connect their device to a Google Account when they first turn on the device, and a Google Account is required for certain functionalities on these devices.

22. Signing up for a Google Account automatically generates an email address at the domain gmail.com. That email address will be the log-in username for access to the Google Account.

23. Google advertises its services as "One Account. All of Google working for you." Once logged into a Google Account, a user can connect to Google's full suite of services offered to the general public, described in further detail below. In addition, Google keeps certain records indicating ownership and usage of the Google Account across services, described further after the description of services below.

24. **GMAIL**: Google provides email services (called Gmail) to Google Accounts through email addresses at gmail.com or enterprise email addresses hosted by Google. Gmail can be accessed through a web browser or a mobile application. Additional email addresses ("recovery," "secondary," "forwarding," or "alternate" email addresses) can be associated with the Google Account by the user. Google preserves emails associated with a Google Account indefinitely, unless the user deletes them. *See* https://support.google.com/mail.

25. **PHOTOS**: Google offers a cloud-based photo and video storage service called Google Photos. Users can share or receive photos and videos with others. Google Photos can be

trained to recognize individuals, places, and objects in photos and videos and automatically tag them for easy retrieval via a search bar. Users have the option to sync their mobile phone or device photos to Google Photos. Google preserves files stored in Google Photos indefinitely, unless the user deletes them. *See* https://support.google.com/photos

26. **MAPS**: Google offers a map service called Google Maps which can be searched for addresses or points of interest. Google Maps can provide users with turn-by-turn directions from one location to another using a range of transportation options (driving, biking, walking, etc.) and real-time traffic updates. Users can share their real-time location with others through Google Maps by using the Location Sharing feature. And users can find and plan an itinerary using Google Trips. A Google Account is not required to use Google Maps, but if users log into their Google Account while using Google Maps, they can save locations to their account, keep a history of their Google Maps searches, and create personalized maps using Google My Maps. Google stores Maps data indefinitely, unless the user deletes it. *See* https://support.google.com/maps

27. **CHROME**: Google offers a free web browser service called Google Chrome which facilitates access to the Internet. Chrome retains a record of a user's browsing history and allows users to save favorite sites as bookmarks for easy access. If a user is logged into their Google Account on Chrome and has the appropriate settings enabled, their browsing history, bookmarks, and other browser settings may be saved to their Google Account in a record called My Activity. *See* https://support.google.com/chrome

28. Google integrates its various services to make it easier for Google Accounts to access the full Google suite of services. For example, users accessing their Google Account through their browser can toggle between Google Services via a toolbar displayed on the top of most Google service pages, including Gmail and Drive. If a user logs into their Google Account

on the Chrome browser, their subsequent Chrome browser and Google Search activity is associated with that Google Account, depending on user settings.

29. When individuals register with Google for a Google Account, Google asks users to provide certain personal identifying information, including the user's full name, telephone number, birthday, and gender. If a user is paying for services, the user must also provide a physical address and means and source of payment.

30. Google typically retains and can provide certain transactional information about the creation and use of each account on its system. Google captures the date on which the account was created, the length of service, log-in times and durations, the types of services utilized by the Google Account, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's website or using a mobile application), details about the devices used to access the account, and other log files that reflect usage of the account. In addition, Google keeps records of the Internet Protocol ("IP") addresses used to register the account and accept Google's terms of service, as well as the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the Google Account.

31. Google maintains the communications, files, and associated records for each service used by a Google Account on servers under its control. Even after a user deletes a communication or file from their Google Account, it may continue to be available on Google's servers for a certain period of time.

32. Google collects and retains data about the location at which Google Account services are accessed from any mobile device, as well as the periodic location of Android devices

while they are in use. This location data can derive from a range of sources, including GPS data, Wi-Fi access points, cell-site locations, geolocation of IP addresses, sensor data, user searches, and Bluetooth beacons within range of the device. According to Google, this location data may be associated with the Google Account signed-in or registered to the device when Location Services are activated on the device and the user has enabled certain global settings for their Google Account, such as Location History or Web & App Activity tracking. The data retained may be both precision location data, like latitude and longitude coordinates derived from GPS, and inferential location data, such as the inference that a Google Account is in New York because it conducts a series of searches about places to eat in New York and directions from one New York location to another. Precision location data is typically stored by Google in an account's Location History and is assigned a latitude-longitude coordinate with a meter radius margin of error. Inferential data is stored with an account's Web & App Activity. Google maintains these records indefinitely for accounts created before June 2020, unless the user deletes it or opts to automatically delete their Location History and Web & App Activity after three or eighteen months. Accounts created after June 2020 auto-delete Location History after eighteen months unless the user affirmatively changes the retention setting to indefinite retention or auto-deletion at three months. *See* https://support.google.com/accounts/answer/3118687 and https://support.google.com/websearch/answer/54068

33. In my training and experience, evidence of who was using a Google account and from where, and evidence related to criminal activity of the kind described above, may be found in the files and records described above. This evidence may establish the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or, alternatively, to exclude the innocent from further suspicion.

For example, the search history from Rose's Chrome browser will help confirm that he searched for the addresses and/or contact information for his victims, as well as date(s) they would be speaking at conferences, and locations of the conferences.

34. Based on my training and experience, messages, emails, voicemails, photos, videos, documents, and internet searches are often created and used in furtherance of criminal activity, including to communicate and facilitate the offenses under investigation. Thus, stored communications and files connected to a Google Account may provide direct evidence of the offenses under investigation. For example, the contents of Rose's emails will help establish that he was the only user of his account and establish that he sent threatening communications. Rose's location and map information will help determine where Rose was when he sent the threatening communications and confirm that Rose drove to P.M.'s house.

35. In addition, the user's account activity, logs, stored electronic communications, and other data retained by Google can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, subscriber information, email and messaging logs, documents, and photos and videos (and the data associated with the foregoing, such as geo-location, date and time) may be evidence of who used or controlled the account at a relevant time. As an example, because every device has unique hardware and software identifiers, and because every device that connects to the Internet must use an IP address, IP address and device identifier information can help to identify which computers or other devices were used to access the account. Such information also allows investigators to understand the geographic and chronological context of access, use, and events relating to the crime under investigation.

36. Account activity may also provide relevant insight into the account owner's state of mind as it relates to the offenses under investigation. For example, information on the account may indicate the owner's motive and intent to commit a crime (*e.g.,* information indicating a plan to commit a crime), or consciousness of guilt (*e.g.,* deleting account information in an effort to conceal evidence from law enforcement).

37. Other information connected to the use of a Google account may lead to the discovery of additional evidence. For example, the apps downloaded from the Google Play store may reveal services used in furtherance of the crimes under investigation or services used to communicate with co-conspirators. In addition, emails, Internet activity, photos, and location information, can lead to the instrumentalities of the crimes under investigation.

38. Therefore, Google's servers are likely to contain stored electronic communications and information concerning subscribers and their use of Google services. In my training and experience, such information may constitute evidence of the crimes under investigation including information that can be used to identify the account's user or users.

## **CONCLUSION**

39. Based on the forgoing, I request that the Court issue the proposed search warrant.

40. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information associated with bradley.s.rose@gmail.com ("the Account") that is stored at premises owned, maintained, controlled, or operated by Google LLC a company headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

## ATTACHMENT B

### Particular Things to be Seized

**I. Information to be disclosed by Google LLC ("Google")**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google, regardless of whether such information is located within or outside of the United States, and including any emails, records, files, logs, or information that has been deleted but is still available to Google, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) 7/25/25 with the Google Reference Number 102857504, Google is required to disclose to the government for each account or identifier listed in Attachment A the following information December 1, 2024, through the present, unless otherwise indicated:

a. All business records and subscriber information, in any form kept, pertaining to the Account, including:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and email addresses, including alternate and recovery email addresses);
3. Telephone numbers, including SMS recovery and alternate sign-in numbers;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions, including log-in IP addresses;
5. Telephone or instrument numbers or other subscriber numbers or identities, including any temporarily assigned network address, SMS recovery numbers, Google Voice numbers, and alternate sign-in numbers
6. Length of service (including start date and creation IP) and types of service utilized;
7. Means and source of payment (including any credit card or bank account number); and
8. Change history.

b. All device information associated with the Account, including but not limited to, manufacture names, model numbers, serial number, media access control (MAC) addresses, international mobile equipment identifier (IMEI) numbers, FCC ID numbers, Android IDs, and telephone numbers;

c. Records of user activity for each connection made to or from the Account(s), including, for all Google services, the date, time, length, and method of connection, data transfer volume, usernames, source and destination IP address, name of accessed Google service, and all activity logs

d. The contents of all emails associated with the account, including stored or preserved copies of emails sent to and from the account, draft emails, and deleted emails; attachments; the source and destination addresses associated with each email; the size, length, and timestamp of each email; and true and accurate header information including the actual IP addresses of the sender and recipients of the emails. All forwarding or fetching accounts relating to the accounts;

e. The contents of all media associated with the account in Google Photos, including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses;

f. All maps data associated with the account, including Google Maps and Google Trips, including: all saved, starred, and privately labeled locations; search history; routes begun; routes completed; mode of transit used for directions; My Maps data; accounts and identifiers receiving or sending Location Sharing information to the account; changes and edits to public places; and all associated logs, including IP addresses, location data, and timestamps, and change history;

g. All Location History and Web & App Activity indicating the location at which the account was active, including the source of the data, date and time, latitude and longitude, estimated accuracy, device and platform, inferences drawn from sensor data (such as whether a user was at rest, walking, biking, or in a car), and associated logs and user settings, including Timeline access logs and change and deletion history;

h. All Internet search and browsing history, and application usage history, including Web & App Activity, Voice & Audio History, Google Assistant, and Google Home, including: search queries and clicks, including transcribed or recorded voice queries and Google Assistant responses; browsing history, including application usage; bookmarks; passwords; autofill information; alerts, subscriptions, and other

automated searches, including associated notifications and creation dates; user settings; and all associated logs and change history;

Google is hereby ordered to disclose the above information to the government within **14 DAYS** of issuance of this warrant.

## II. Information to be seized by the government

All information described above in Section I that constitutes evidence, and/or instrumentalities of violations of 18 U.S.C § 875(c), Transmission of Interstate Threats, those violations involving Bradley Scott Rose, and occurring after December 1, 2024, including, for each Account or identifier listed on Attachment A, information pertaining to the following matters:

a. The communication of threatening messages in any form to include images, emojis, and/or text;

b. Identities, addresses, photographs, PII, of any former co-worker, colleague, professional associate, or their family members, that may have been collected for the purpose of transmitting threatening communications;

c. Evidence indicating how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the email account owner;

d. Evidence indicating the Account owner's state of mind as it relates to the crime under investigation;

e. The identity of the person(s) who created or used the Account, including records that help reveal the whereabouts of such person(s).

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.